UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NANCY RAPSON and
DAN SAVAGE,

      Plaintiffs,

v.                                        Case No. 1:08-CV-1041

DEMMER CORPORATION, HEATHER       HON. GORDON J. QUIST
SHAWA, and WILLIAM DEMMER,

      Defendants.
_____/

## MEMORANDUM ORDER

The Court has before it Defendants' motion to dismiss Plaintiff Dan Savage's Complaint for lack of subject matter jurisdiction and Defendants Heather Shawa's and William Demmer's motion to dismiss. For the reasons set forth below, the Court will grant the motion to dismiss Dan Savage's complaint and grant in part and deny in part Defendants Shawa's and Demmer's motion. Regarding the latter motion, the Court will dismiss Plaintiff Rapson's claim against Shawa and Demmer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, but will exercise supplemental jurisdiction over Rapson's claim against Shawa and Demmer under the Elliott-Larsen Civil Rights Act.

Plaintiffs Rapson and Savage filed their complaint on November 6, 2008, against Demmer Corporation, Shawa, and Demmer. Rapson alleged discrimination and retaliation claims under Title VII and a claim for retaliation in violation of the Elliott-Larsen Act.[1] Savage alleged only state law claims for fraudulent misrepresentation, innocent misrepresentation, and breach of contract.

Regarding Savage's claims, Defendants have moved to dismiss on the grounds that the Court lacks subject matter jurisdiction over those claims. Defendants argued in their motion that, unlike

---

[1] Although Count III is captioned "Retaliation" in violation of the Elliott-Larsen Act, the allegations show that it is actually pled as a discrimination claim.

Rapson, Savage has not pled a claim under federal law and there is no diversity of citizenship because Savage and all Defendants are Michigan residents. Plaintiffs have responded by concurring in the motion in light of a lack of subject matter jurisdiction. Accordingly, the Court will dismiss Savage's claims.

In their separate motion, Shawa and Demmer contend that Rapson's Title VII claims against them must be dismissed because they were not Rapson's employer and cannot be held individually liable under Title VII. It is firmly established in the Sixth Circuit that an individual who does not otherwise qualify as an employer may not be held personally liable under Title VII. *See Wathen v. General Electric Co.*, 115 F.3d 400, 404-05 (6th Cir. 1997). A plaintiff may sue an individual defendant in his official capacity under Title VIII. *See Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000). Such a claim is thus proper, but it is deemed a claim against the employer rather than the individual. *See id.* Here, Rapson alleges that she was employed by Defendant Demmer Corporation, not Shawa or Demmer. Moreover, she does not purport to sue either Shawa or Demmer in an official capacity. Accordingly, the Title VII claims against them are properly dismissed. The Title VII claims against Demmer Corporation, Rapson's employer, alleging sex discrimination (Count I) and retaliation (Count II), will continue.

Shawa and Demmer also contend that the Court should decline to exercise supplemental jurisdiction over Rapson's claim under the Elliott-Larsen Act. The Elliott-Larson claim is alleged in Count III against all Defendants, including Demmer Corporation. Although captioned "Retaliation," the claim as alleged is a sex discrimination claim that parallels the Title VII claim in Count I. Rapson asserts that she may maintain her Elliott-Larsen claim against Shawa and Demmer as agents of Demmer Corporation. Defendants do not dispute this proposition, and the Court concludes that it is a correct statement of Michigan law.

Shawa and Demmer cite 28 U.S.C. § 1367(c)(3) in support of their request, which provides that a district court may decline to exercise supplemental jurisdiction over a state law claim if the court "has dismissed all claims over which it has original jurisdiction." Because the Title VII claims remain pending against Demmer Corporation, the Court has not dismissed all federal claims. While the Court still has discretion to decline to exercise supplemental jurisdiction over state law claims, the Court concludes that it should exercise supplemental jurisdiction over the Elliott-Larsen claim against Shawa and Demmer because the Elliott-Larsen claim is similar, if not identical, to the claim alleged under Title VII in Count I against Demmer Corporation. In addition, Demmer Corporation is also a Defendant in the Elliott-Larsen claim. Because the Title VII and Elliott-Larsen claims will involve the same evidence and be analyzed under essentially the same criteria, *see Featherly v. Teledyne Indus., Inc.*, 194 Mich. App. 352, 357-58, 486 N.W.2d 361, 364 (1992), litigating the Elliott-Larsen claim in this case will conserve judicial resources and save the parties both the time and expense of having to litigate the two claims in two courts. The Court will thus deny this portion of the motion. Therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff Dan Savage's Complaint for Lack of Subject Matter Jurisdiction (docket no. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Heather Shawa's and William Demmer's Motion to Dismiss (docket no. 8) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** with respect to Plaintiff Rapson's Title VII claims against Defendants Shawa and Demmer, but denied with regard to her Elliott-Larsen claim against those Defendants.

Dated: March 4, 2009                     /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE